**Sixto MONTERRUBIO, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 1226–95.

Court of Criminal Appeals of Texas.

Feb. 7, 1996.

Joe Valle, Brownsville, for appellant.

Robert H. Moore, Asst. Dist. Atty., Brownsville and Robert A. Huttash, State's Atty., Austin, for the State.

*CONCURRING OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW*

MALONEY, Judge, concurring.

I join the opinion of the majority, but write to respond to Judge Keller's dissenting opinion in which she argues that this Court should *sua sponte* reconsider the plurality holding in *Gribble v. State,* 808 S.W.2d 65 (Tex.Crim.App.1990) (plurality opinion as to point of error twelve).

In point of error twelve *Gribble* held that a defendant's confession must be corroborated by some independent evidence that a crime was committed (the corpus delicti rule), and further applied this rule to the underlying felony in a capital case. *Gribble* was a plu-

rality opinion on this point of error. Judge Keller contends that we should reconsider the holding in *Gribble,* as to the underlying felony, because she believes it is the law due only to oversight in subsequent cases which cited *Gribble* as controlling authority. "It is evident" to her that "because the evidence was sufficient [in these subsequent cases] the omission in the citation to *Gribble* simply went unnoticed." I do not agree with this assessment.

The evidence in *Gribble* itself was held sufficient, but its discussion of the corpus delicti rule there did not go unnoticed. Judges Miller and Campbell concurred in the result only *specifically* as to point of error twelve. Subsequently, in *Fisher v. State,* 851 S.W.2d 298 (Tex.Crim.App.1993), Judge Campbell cited and followed *Gribble* as controlling authority on the corpus delicti rule, identifying *Gribble* as a plurality opinion. *Fisher,* 851 S.W.2d at 302–303. Judge Miller joined this opinion. Later that same year, in *Chambers v. State,* 866 S.W.2d 9 (Tex.Crim. App.1993), authored by Judge Miller, *Gribble* was again cited and followed as controlling authority on the corpus delicti rule, this time specifically as it applied to the underlying felony in a capital case. *Gribble* was not denoted in this case as a plurality opinion, but *Fisher* was cited. Judge Campbell joined this opinion. Several months later, in *Emery v. State,* 881 S.W.2d 702 (1994), *Gribble* was again cited and followed in applying the corpus delicti rule to the underlying felony in a capital case, although it was not denoted as a plurality opinion. Judges Miller and Campbell joined this opinion.

Given that *Gribble* was rendered a plurality opinion on the specific issue in question due to the concurring note of Judges Miller and Campbell, I cannot agree that the issue "simply went unnoticed" by these two judges in *Chambers,* which was authored by Judge Miller, and *Emery,* decided shortly thereafter and joined by Judge Miller and Judge Campbell. Admittedly, the improper citations went unnoticed, but it appears clear that Judge Miller and Judge Campbell had

reconsidered the issue and believed it to have been properly resolved in *Gribble*.

### DISSENTING OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

KELLER, Judge, dissenting.

The majority opinion[1] assumes that the law requires proof of corpus delicti for the underlying felony offense in a capital murder prosecution. It is fairly apparent to me, though, that the instances in which this Court has held that there is such a requirement are the result of an oversight.

The proposition that the State must establish the corpus delicti of the underlying felony in a capital murder prosecution was first announced in *Gribble v. State*, 808 S.W.2d 65, 71 (Tex.Crim.App.1990), but that proposition did not receive a majority of the votes. Three judges dissented, one judge concurred in the result, and two judges specifically "concurred only" with the resolution of the point of error involving corpus delicti. In other words, the above proposition received the approval of only three judges.

Two majority opinions by this Court cite *Gribble* for the proposition that the law requires proof of the corpus delicti of the underlying felony, but neither of those opinions acknowledged that *Gribble* was a plurality opinion as to that issue. *Emery v. State*, 881 S.W.2d 702, 705 (Tex.Crim.App.1994).[2] *Chambers v. State*, 866 S.W.2d 9, 15–16 (Tex. Crim.App.1993). In both *Emery* and *Chambers* we held that the evidence was sufficient to establish the corpus delicti of the underlying felony. It is evident to me that because the evidence was sufficient, the omission in the citation to *Gribble* simply went unnoticed. Had the Court intended to establish a new

requirement of proof, I believe that it would have said so rather than merely citing *Gribble* incorrectly.[3]

This Court may on its own motion order review of an issue not presented by a petition for discretionary review. Tex.R.App.P. 200(a) and 201. I believe that the Court should do so in this case and confront the issue of whether the plurality holding in *Gribble* should be the law of this state. Because a majority of this Court declines to do so at this time, I respectfully dissent.

MANSFIELD, J., joins.

---

1. The Court of Appeals reformed appellant's conviction for capital murder to a conviction for murder after finding the evidence insufficient to establish the corpus delicti of the underlying felony. The majority remands the cause to the Court of Appeals to reconsider that determination for reasons not here relevant.

2. The author of *Emery* has submitted a correction that would indicate that *Gribble* was a plurality decision.

3. The concurring opinion says that this Court in *Fisher v. State*, 851 S.W.2d 298 (Tex.Crim.App.

1993), "followed *Gribble* as controlling authority on the corpus delicti rule, identifying *Gribble* as a plurality opinion." True, but *Fisher*, as a non-capital case, cited *Gribble* only for the general corpus delicti rule, i.e., that a defendant's confession must be corroborated by independent evidence that a crime was committed. *Fisher* did not cite *Gribble* for the proposition that is the subject of the present debate, i.e., whether the corpus delicti of the underlying felony must be established in a capital murder case.