IN THE COURT OF CRIMINAL APPEALS
OF TEXAS
 


NO. WR-77,584-01




EX PARTE RAFAEL GUILLEN, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 20070D05440 IN THE 205TH DISTRICT COURT
FROM EL PASO COUNTY




            Per curiam.
 
O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of capital murder
and was sentenced to life in prison. The Eighth Court of Appeals affirmed the conviction. Guillen
v. State, No. 08-08-00241 (Tex. App.—El Paso Jul. 28, 2010).
            Applicant, through habeas counsel, raises a claim of ineffective assistance of trial counsel.
See Strickland v. Washington, 466 U.S. 668 (1984). He asserts that trial counsel was deficient for
failing to object to hearsay testimony given by an investigating detective who told the jury that his
investigation showed that the murder was committed for remuneration. Applicant claims that,
without the detective’s objectionable testimony, there was insufficient evidence to prove that the
murder was for remuneration and was a capital offense. See Tex. Penal Code 19.03(a)(3). Although
Applicant gave a confession to police admitting that he murdered the victim for remuneration, which
confession was admitted into evidence at trial, he argues that, without the detective’s objectionable
hearsay testimony, there was no evidence corroborating the remuneration portion of his confession
as required by the corpus delicti rule. See Salazar v. State, 86 S.W.3d 640, 644 (Tex. Crim. App.
2002) (discussing the corpus delicti rule).
            This Court has made an independent review of the record, which includes the initial habeas
record that was forwarded by the trial court and its supplement with the trial court’s findings,
Applicant’s objections to the findings, and the reporter’s record and clerk’s record from the trial,
which were forwarded to this Court by the intermediate court of appeals. Because Applicant has not
demonstrated that he was harmed by counsel’s alleged deficient performance in failing to object, this
Court holds that his ineffective assistance of counsel claim lacks merit. See Strickland, supra. In
reaching this holding, this Court expresses no opinion regarding whether the corpus delicti rule is
applicable to the remuneration element of the capital murder and holds only that the evidence in
Applicant’s case was sufficient to corroborate his confession as to remuneration, even assuming that
the rule applies. See Gribble v. State, 808 S.W.2d 65, 70 (Tex. Crim. App.1990); Monterrubio v.
State, 916 S.W.2d 506, 507 (Tex. Crim. App. 1996) (Keller, J., dissent). All relief is denied.
 
Filed: April 9, 2014
Do not publish